PETER A. HEGEMAN *v.* WILLIAM MCARTHUR.

If a tenant is deprived of the possession of any part of the demised premises by the landlord himself, the obligation to pay rent ceases, and the rent is suspended until the possession is restored. If, by the lawful act of a third person, he is deprived of the possession of the *whole*, the same result ensues; but if of a part only, an apportionment of rent should be made.

Where a tenant, having determined to remove in consequence of disturbance of the premises, sent to the landlord the key, who declared himself satisfied, expressed a willingness to take the premises, resumed possession for the purpose of reletting, posted the usual notice "to let," and then delivered the key to a person employed by him to relet; it was *held,* that these acts and declarations formed an actual rescission of the lease, and terminated the tenancy.

The effect of such acts and declarations, is not varied by any prohibition in the statute of frauds.

THIS suit was brought in one of the district courts, to recover rent from a surety upon an ordinary agreement between landlord and tenant. The defendant pleaded, (1,) an eviction of the tenant, and (2,) that the agreement had been rescinded and the tenancy terminated by consent.

In consequence of excavations and preparations for rebuilding, upon an adjoining lot, a rear building, belonging to the demised premises, had become insecure and untenantable, and a part of the yard was rendered useless. The tenant, therefore, removed, under the circumstances stated in the opinion.

From a judgment against him in the district court, the defendant appealed.

---

*W. Rowland* and *P. Milspaugh*, for appellant.

*Richard S. Emmet*, for respondent.

BY THE COURT. WOODRUFF, J.—In my opinion, the justice erred in deciding that there had been no eviction in this case which would excuse the tenant from payment of rent either in whole or in part. On this subject the rule is as follows :- If the tenant is deprived of the possession and enjoyment of any part of the demised premises by the landlord himself, the obligation to pay rent ceases, and the rent is suspended until the possession is restored. If, by the lawful act of a *third* person, he is deprived of such possession and enjoyment of the *whole*, the same result ensues ; but if of a part only, an apportionment of rent should be made.

In the application of this rule, it would be material to inquire how far in the present case the landlord was bound to protect his tenant in the enjoyment of the demised premises, by sustaining the buildings and earth during the progress of the neighboring building ; and if such neglect was not tantamount to an actual disturbance of the tenant by himself, then whether the interruption of the tenant's possession of the yard, shed and kitchen, rendered the premises so unsuited for the purposes for which they were let, as to be tantamount to an eviction from the whole.

But in the view which I take of the case, it is not necessary to pursue these inquiries.

It appears by the evidence, and there is no contradictory testimony on the subject, that the tenant having determined to remove in consequence of the disturbance of the premises, sent to the plaintiff the key to the premises ; that he received it and declared himself not dissatisfied; that he entered into possession for the purpose of letting the same to another tenant ; placed upon the house the usual notice " to let ;" then delivered the key to the witness, Pinsent, and employed him to show the premises and to let the same, and left the key with the witness for that purpose; and as a part of the *res gestæ*, showing con-

clusively the *quo animo* with which he resumed such possession, his entire willingness to take the premises from the tenant.

These acts and declarations terminated the tenancy. They were a voluntary exclusion of the tenant by the landlord from any possession or control over the premises, with his own consent.

Acts such as these by a third person, with the consent and concurrence of the owner of a house, would be sufficient to create the relation of landlord and tenant between such owner and third person, and there is no reason why they should not be deemed a voluntary rescission of a letting and termination of a tenancy after such relation had been created.

After taking such possession with the consent of the tenant, the landlord had the entire control of the premises, and such possession and control are wholly inconsistent with the continued subsistence of the relation of landlord and tenant; the two could not coexist.

It was neither claimed, nor was there any ground for claiming, that these acts of the landlord were for the purpose of reletting on the tenant's account; his express declarations at the time he resumed possession exclude any such idea.

The case of *Schieffelin* v. *Carpenter*, 15 Wend. 400, does not conflict with this view of the subject. It was there decided that a parol agreement to give a new lease to a third person, with the consent of the tenant, did not amount to a surrender by operation of law, although such third persons took possession in anticipation of receiving such new lease, and the landlord received rent from them; as the agreement itself was adjudged void under the statute of frauds, it was held not to amount to a surrender; and besides, there was nothing done in that case inconsistent with the relation of landlord and tenant between the owner and the original lessees. The acts of all the parties were to be construed and qualified by a reference to the executory character of the agreement under which they acted, and their mutual expectation that a new lease would be given and received.

In the present case there was not a mere agreement to

rescind, but an actual rescission—executed, acted upon by both parties, by which both were concluded, and an exclusion of the tenant by the landlord from the occupation.

No prohibition in the statute of frauds affects this case. From the moment the landlord resumed his possession with intent to possess and let to others for his own account, the obligation of the tenant ceased.

Judgment reversed.